## 10695

### BRADLEY v. VAN WYCK *ET AL.*

#### (108 S. E. 149)

MASTER AND SERVANT—NONSUIT PROPERLY GRANTED FOR FAILURE TO MAKE CASE.—In an action for the death of an employee, where plaintiff failed to show how he was killed, to prove the specifications of negligence alleged, or to show any actionable negligence on the part of defendants, a nonsuit was properly granted.

Before PRINCE, J., Greenville, February, 1921.    Affirmed.

Action by Solomon Bradley as administrator of Pickens Bradley, deceased, against O. P. Van Wyck, trading as Greenville Mattress & Manufacturing Co. From an order of nonsuit plaintiff appeals.

*Messrs. Bonham & Price* and *B. F. Perry,* for appellant, cite: *Presumption that deceased acted in conformity with his duty:* 9 Enc. Evid., 918.

*Messrs. Martin & Blythe,* for respondent, cite: *Duty of Master as to safe place and instrumentalities and servant doing work outside the scope of his employment:* 4 Labatt 4697, 4704, 4721; 82 S. C. 542; 109 S. C. 67; 102 S. C., 488.

August 1, 1921.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Judge Prince granting a nonsuit. The action was brought for the death of Pickens Bradley. He was in the employment of the respondent. He was a mattress filler and worked in the mattress factory, in what is known as the basement. The allegations of negligence in the complaint were:

"That the master failed to furnish the plaintiff a safe place in which to do his work and failed to furnish safe and suitable appliances; and, second, that the master failed to warn and instruct the deceased as to the danger of the electricity on that particular day."

After all the testimony was in his Honor granted a non-suit upon the ground that there was no evidence tending to show that the deceased was in the performance of any duty required of him at the time he met his death. The appellant appeals and by six exceptions alleges error in his Honor's ruling.

The exceptions are overruled. The appellant failed to show how deceased was killed, and the appellant failed to

prove the specifications of negligence as alleged in the complaint, and failed utterly to show any actionable negligence on the part of the respondent. The evidence shows at the time the deceased was killed the machine was not in operation, but he was filling the mattress by hand.

Judgment affirmed.